IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shahid L.A. Majid, *also known as* Arthur Moseley, | ) ) ) | C/A No.  0:19-1937-MGL-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **ORDER** |
| Dr. Cassandra Means; Sherrisse Birch; DHO Francine Backman; Warden Randall Williams; Assoc. Warden Martell; IGB Sherman Anderson; SCDC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Shahid L.A. Majid, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  This matter is before the court on the plaintiff's motion for appointment of counsel.  (ECF No. 76.)

There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied



plaintiff's request for counsel.  Id.  Although the plaintiff has provided medical records in support

of his argument that he suffers from disabilities that prevent him from adequately prosecuting his

case, based on the pleadings before the court, the plaintiff writes well and appears capable of

addressing the legal issues.  To the extent he argues that the side effects of his medications or

physical disabilities require him to need more time to prepare his pleadings, the plaintiff is not

precluded from timely seeking an extension of any deadline established by the court.  Accordingly,

the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

     **IT IS SO ORDERED.**

                                        Paige J. Gossett
                                        UNITED STATES MAGISTRATE JUDGE

July 24, 2020
Columbia, South Carolina