

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| SHAHID L.A. MAJID, *also known as* | § | |
| *Arthur Moseley*, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 0:19-01937-MGL |
| | § | |
| DR. CASSANDRA MEANS, *Regional Dir.*; | § | |
| SHERRISSE BIRCH, *CCC*; DHO FRANCINE | § | |
| BACKMAN; WARDEN RANDALL | § | |
| WILLIAMS; ASSOC. WARDEN MARTELL; | § | |
| SCDC; and IGB SHERMAN ANDERSON, | § | |
| Defendants. | § | |

---

## ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

---

Pro se Plaintiff Shahid Majid (Majid), filed this action against Defendants Dr. Cassandra Means (Means), Sherrisse Birch (Birch), DHO Francine Backman (Backman), Warden Randall Williams (Williams), Assoc. Warden Martell (Martell), SCDC, and IGB Sherman Anderson (Anderson) (collectively, Defendants), alleging claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and for retaliation. He seeks monetary relief and for all of his disciplinary charges to be expunged.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted and Majid's motion for a preliminary injunction be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed her Report on July 24, 2020. The Clerk of Court entered Majid's objections on October 29, 2020. Defendants filed their response to Majid's objections on November 12, 2020. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Majid is currently incarcerated in the SCDC, serving an eighty-year sentence for criminal conspiracy, attempted armed robbery, a firearms provision, and murder. While incarcerated, Majid has received numerous disciplinary sanctions for inappropriate behavior, such as repeated exhibitionism and public masturbation, and, an unsuccessful attempt to escape confinement.

The Magistrate Judge, in her Report, summarized Majid's complaint as follows:

> Majid's Complaint contains a litany of allegations, many of which are difficult to discern. However, the majority of his complaints appear to concern his mental health treatment—or alleged lack thereof—by certain defendants while housed in various [SCDC] facilities. Majid also references a "fraudulent" mental health assessment being presented at a disciplinary hearing, his being forced to take unprescribed medication, and being denied a crank up radio.

Report at 2 (citing Majid's Compl.).  And, the Magistrate Judge noted she "construed Majid's Complaint as only alleging claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and for retaliation." *Id.* (citing Oct. 17, 2019, Order at 1–2).

The Magistrate Judge, in her Report, recommends the Court dismiss all of Majid's claims as a matter of law "for failure to exhaust his administrative remedies, except for [his] deliberate indifference claim raised against Defendants Birch and Means" that she recommends be denied on the merits. *Id.* at 7.  Also, the Magistrate Judge recommends the Court dismiss Majid's motion for a preliminary injunction.

Although the Magistrate Judge issued her Report as to Defendants' motion to dismiss, or in the alternative, for summary judgment, the Court construes Defendants' motion solely as a motion for summary judgment.

"Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).  Reasonable opportunity has been interpreted as requiring "that all parties be given some indication by the [C]ourt . . . that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Id.* (citations omitted).

Here, Defendants' motion and memorandum in support contained eighteen exhibits totaling approximately 540 pages.  And, the "[C]ourt advised Majid of the summary judgment and

dismissal procedures and the possible consequences if he failed to respond adequately to [D]efendants' motion." Report at 1. As such, under the standards set forth in *Gay*, the Defendants' motion may be properly construed as a motion for summary judgment.

The Court, liberally construing Majid's objections, identifies seven objections. The Court will address each of them in turn. Concerning the first objection, Majid argues the Magistrate Judge improperly recommended dismissal of all but one of his claims for failure to exhaust administrative remedies. Majid posits the Court must, at the summary judgment stage, "view evidence submitted by both sides in the light most favorable to the party opposing the motion." Majid's Obj. at 1.

Under the Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. § 1997e, a prisoner such as Majid must exhaust his administrative remedies prior to initiating a claim under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The law requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Accordingly, "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of the filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The SCDC maintains a policy titled "Inmate Grievance System" that sets forth the steps an inmate such as Majid must follow to complain of prison conditions. *See* GA-01.12, Inmate

Grievance System, May 12, 2014, at Section 13.2, Defs.' Mot. For Summ. J. at Ex.5, p. 7. According to this Inmate Grievance System, an inmate must first attempt to resolve a grievance issue informally.  If unsuccessful, the inmate must then file a "Form 10-5, Step 1" grievance form with designated prison staff.  *Id.*  If the matter remains unresolved, the inmate must appeal to the Warden via a "Step 2 grievance appeal."  *Id.* at pp. 7–8.

Here, after reviewing a voluminous record of grievances filed by Majid, the Magistrate Judge noted "Anderson [, Chief of the Inmate Grievance Branch of the Office of General Counsel for the South Carolina Department of Corrections,] testifies—and the record confirms—that of the multitude of Step 1 and Step 2 grievances filed by Majid, only one relates to the claims raised in this action and construed by the Court."  Report at 6 (footnote omitted).  The Magistrate Judge construed this claim as a deliberate indifference to medical needs in violation of the Eighth Amendment.

As noted above, under 42 U.S.C. § 1997e, the Court may entertain only the allegations in an inmate's complaint that were previously exhausted through the correctional facility's inmate grievance system.  Consequently, as only one claim from Majid's complaint is properly supported by a Step 1 and Step 2 grievance, a deliberate indifference claim, the Magistrate Judge properly recommended dismissal of all other claims from the complaint.  Therefore, the Court will overrule this objection.

In Majid's second objection, he contends the Magistrate Judge improperly disregarded his argument he was unable to exhaust his administrative remedies due to his being placed on a grievance limitation by Anderson.  Majid avers he "filed [a grievance] on [Anderson], but [Anderson] never processed [the] grievance.  Yet[,] Defendants claim summary judgment." Majid's Obj. at 1.

In the Magistrate Judge's Report, she noted:

> [T]he claims raised in Majid's Complaint all occurred long before the periods of time which Majid was placed on grievance limitations [as evidenced by letters from Anderson dated November 27, 2018, and May 14, 2019]. Moreover, the record is clear that Majid had access to the grievance system during the applicable period of time as evidenced by Majid filing numerous grievances during the time period surrounding his claims.

Report at 7. In Majid's objection, he fails to direct the Court to a specific error in the Magistrate Judge's Report as to her analysis on this alleged grievance limitation issue, and the Court will overrule this objection. *See Orpiano*, 687 F.2d at 47 ("Courts have . . . held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

Turning to Majid's third objection, he discusses an unrelated 2014 order issued by the Honorable J. Michael Baxley, a former South Carolina circuit court judge in the Fourth Judicial Circuit. Majid's comments on this order appear to indicate the SCDC receives millions of dollars in funds to treat mentally ill patients. As Majid fails to direct the Court to a specific error in the Magistrate Judge's Report, the Court will also overrule this objection.

In Majid's fourth objection, he posits the Magistrate Judge erroneously recommended the Court dismiss his claim for deliberate indifference to medical needs in violation of the Eighth Amendment. This claim alleges "Defendants Means and Birch denied [Majid] access to unspecified mental health programs and that [Means] instead referred [Majid] to a program for sexual predators." Report at 7 (citing Majid's Compl. at 4).

Majid, in his objection, argues the "U.S. Magistrate Judge biase[d]ly believes over [fifty] medical mental health entries [and assumes these entries indicate] Defendants provided [adequate]

medical and mental health care [to Majid]." Majid's Obj. at 2. As noted by Defendants, Majid "appears to assert that the [Report's] analysis and conclusion [were] in error because (a) the mental [healthcare] he was provided was inadequate and/or (b) the records maintained by [SCDC] do not accurately reflect the [healthcare] provided to him." Defs.' Resp. in Opp'n to Majid's Obj. at 4.

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. An Eighth Amendment analysis "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered[,] or injury inflicted[,] on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

"[D]eliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). "The subjective component [of an Eighth Amendment analysis in a deliberate indifference case] is satisfied by showing deliberate indifference [to an inmate's health] by prison officials." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). A prison official is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To be held liable under this standard, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. An inmate's "difference of opinion regarding the adequate course of treatment does not give rise to an Eighth Amendment violation." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011). "In the face of medical records indicating that treatment was

provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

The Magistrate Judge, in her Report, reviewed Majid's extensive medical records and determined he "was seen repeatedly and consistently over the time period at issue by mental health counselors as well as by numerous doctors and nurses. . . . Of [over fifty medical and mental health entries in his record over a five-month period], approximately a quarter of them pertain to Majid's mental health treatment." Report at 9.

The Magistrate Judge further opined "Majid has provided no admissible evidence supporting a finding that he faced 'a substantial risk of serious harm' from alleged denial of care within SCDC as required to establish the objective component of a deliberate indifference claim under the Eighth Amendment" and he does not have an Eighth Amendment "claim against [Defendants] merely because he disagrees with the course of treatment he received." *Id.* at 10–11 (quoting *Farmer*, 511 U.S. at 837). The Court agrees with the Magistrate Judge's sound analysis.

Here, the record lacks any evidence to support Majid's claim the Magistrate Judge manifested a bias in her review of his medical records, nor does the record reflect any evidence to suggest Majid's medical records are inadequate or inaccurate. Majid's apparent disagreement with Defendants over his medical treatment fails to give rise to an Eighth Amendment violation.

Further, Majid, in this objection, appears to raise additional medical treatment allegations not raised in his complaint, such as he was forced to wear leg, belly, and wrist restraints when meeting with his doctor, and his doctor, in an alleged HIPAA violation, left the door open when meeting with Majid, thus resulting in other inmates hearing their conversations.

The Court will also construe these allegations as a claim for deliberate indifference to medical needs in violation of the Eighth Amendment. This claim fails for the same reasons as discussed in the preceding paragraphs. Majid neglects to provide evidence supporting a finding that he faced 'a substantial risk of serious harm' from the acts underlying these allegations as required to establish the objective component of a deliberate indifference claim under the Eighth Amendment. *Farmer*, 511 U.S. at 837.

Accordingly, for all these reasons, the Court will overrule this objection.

Turning to Majid's fifth objection, he avers the Magistrate Judge improperly recommended the Court grant Defendants' motion for summary judgment as to his Eighth Amendment claim even though he "submitted more than a scintilla of evidence [in the form of his] verified complaint; opposition motion to Defendants['] [motion for] summary judgment; [and, the] Report and Recommendation." Majid's Obj. at 7. In particular, Majid cites *Hill v. York County Sheriff's Dept.*, 437 S.E.2d 179 (S.C. Ct. App. 1993), where the court stated "At the summary judgment stage of the proceedings, it is only necessary for the nonmoving party to submit a scintilla of evidence warranting determination by a jury for summary judgment to be denied." *Id.* at 182.

Majid's citation to the South Carolina state court's scintilla of evidence standard is improper and inapplicable to the rules governing this action. In federal court, Fed. R. Civ. P. 56 sets forth the appropriate standard to apply when reviewing a motion for summary judgment. *See* Rule 56(a) ("The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

In federal court, the party opposing a motion for summary judgment must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If an adverse party completely fails to make an offer of

proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Inasmuch as this Court applies the Federal Rules of Civil Procedure to the action, the Court will overrule this objection.

In Majid's sixth objection, he argues the Magistrate Judge improperly recommended the Court deem as moot his request for injunctive relief as to the non-working computer because of his recent filings of "extensive responses, supplemental attachments, and a sur-reply to [D]efendants' motion" that demonstrate he has access to a working computer. Report at 13.

In Majid's objection, he fails to direct the Court to a specific error in the Magistrate Judge's Report as to her analysis on the non-working computer. Hence, the Court will overrule this objection.

Lastly, in Majid's seventh objection, he contends the Magistrate Judge improperly recommended the Court deem as moot his motion for injunctive relief as to his request he be transferred to "a different institution because he claims he is not receiving adequate mental health treatment while in the Restrictive Housing Unity at Broad River Correctional Institution." Report at 13.

A preliminary injunction should issue only when the plaintiff can "[1] establish that [it is] likely to succeed on the merits, [2] that [it is] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that [injunctive relief] is in the public interest." *Winter*, 555 U.S. at 20. The burden is on the party seeking injunctive relief to show it is entitled to the relief, not the burden of the other party to show the movant is not entitled. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 443 (1974). "[A]ll four

requirements must be satisfied." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).

Here, Majid misinterpreted the Magistrate Judge's legal analysis.  The Magistrate Judge, in her Report, noted "[i]t is well-settled that a prisoner has no constitutional right to be housed at the facility of his choice . . .", so Majid fails to "establish the four *Winter*" elements, resulting in a recommendation the Court deny his motion for preliminary injunction as to this issue.  Report at 13.  In Majid's objection, he fails to direct the Court to a specific error in the Magistrate Judge's Report as to her analysis, and the Court will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Majid's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED** and Majid's motion for a preliminary injunction is **DENIED.**  All other motions are **DEEMED AS MOOT.**

**IT IS SO ORDERED.**

Signed this 24th day of March 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.